Mr. Talcott, would you like to reserve some time for rebuttal? About five minutes, Your Honor. Okay, please go ahead. May it please this Court, Scott Talcott for the debtor appellant. I am here today to address a critical error committed by the Bankruptcy Court in failing to apply the document Issue and Claim Preclusion in the case at hand regarding the debtor's completion of the pre-bankruptcy counseling course. Despite a prior motion to dismiss unequivocally deciding the same issue both factually and legally. Can I stop you for a second? Let's just get right to the heart of this. You're not challenging the Court's ultimate finding that your client was untruthful, correct? We, uh, I don't think it's correct. I think there's a reason why. No, I mean, did anything in your brief say the judge made a mistake and she factually erred in the finding and conclusion that your client was not truthful about when and how she took the credit counseling? The Court below is entitled to reach a conclusion. You're not answering my question. Are you challenging the idea? Are you challenging the Court's conclusion factually that your client was untruthful about the credit counseling? I do challenge it, but I do understand that the Court could have reached that ruling based on that. All right, then I've got to tell you, I'll go back and read your brief because I sure as heck didn't see it in your brief. Let's move on, okay? Assume for the moment the Court made that finding and it's a finding that your client was untruthful in connection with the credit counseling, okay? Your argument is, well, we won before, so that really shouldn't change. Let me suggest to you, and then we'll get into this in terms of being promotions for reconsideration or was the order final and so on and so forth, but if we're talking about not only the Court's obligation to get something as important as the credit counseling question right, but the Court to deal with what the Court concluded was a series of untruths from your client. I mean, what is more important for a Court to do than what is the countervailing policy that suggests the Court shouldn't have done that? The countervailing policy is endless litigation, as we saw in this case. It's over now. In fact, to me, it's over now because you haven't challenged the factual findings. Well, let me make it more nuanced. The new information that came forth in the fourth motion to dismiss was itself ambiguous and did not require a finding that she did not take the counseling course. So, for example, the fact that a 91-year-old debtor doesn't remember one signature out of literally thousands of pleadings that these parties have waged war on for the last 13 years doesn't mean that she didn't sign it. It doesn't mean that it's not true. It's just that she doesn't remember it. I mean, look, I don't want to go through the litany because it's painful, but there were many things that were determined not to have been accurate. There were things where your client literally changed the recitation of facts. Oh, it wasn't this son I did it with, it was the other son. Oh, it wasn't in this manner, it was the other manner. Right? So it's not just did she sign something, did she remember signing something. It's considerably more profound and pervasive than that, isn't it? Those exact facts were brought to the Court's attention in the second motion to dismiss, and the Court made a very important claim for pleading finding. It said that even if the debtor did not attend the pre-filing counseling, the failure to do so is not jurisdictional, dismissal is not mandatory, and the Court has discretion to pass an appropriate remedy. I made a legal conclusion that this was not something you would take action on. If she were impressed on the next hearing at how fundamentally your client had not told the truth, would she be entitled to change that legal conclusion? I'm not sure. It looks like that's what happened here. I agree. I think what the Court saw on the second motion to dismiss was that Mr. Abitum brought false declarations with him. He first said that the debtor was being surveilled, or sorry, was being served during the time she was taking the pre-bankruptcy counseling course, and then he figured out that sort of doesn't make any sense. Why would you follow somebody for two hours if they were being served? That's not what I'm talking about. Focus on my question. Yes. I'm saying the Court looked at that evidence and said, I don't believe that evidence. They later made a different presentation of evidence saying, gosh, she doesn't remember signing this document or whatever facts she can look at, but even the fact that you mentioned before was already before the Court. Whether it was her son Alex or her son Val, that was all during the meeting of creditors that occurred before the hearing on the second motion to dismiss. So that wasn't a new fact. Can I ask it just a little bit differently? Same question, just a little bit differently. The Court found that she lied about the credit counseling. Assume that we don't reverse that finding, even though you disagree with it. Assume we don't reverse that. Based on that assumption, didn't the Court have power to correct the ruling it made based on what it found to be a lie? No. That was the exact argument made on the second motion to dismiss. The creditor's argument was that she was a liar, that she was not even in the state of California. She was in California, and the credit counseling was taken in Oregon. She lied when she said that she was familiar with the credit counseling. Precisely. If the Court agreed with that, which it seems to have done, and if we find we can't reverse that finding, are you saying that even though the Court found that it had been lied to, that the Court couldn't change its ruling? The answer is yes. That's the doctrine of claim preclusion, that when a Court makes a decision about a particular issue, you don't just get to ask the Court to maybe change its opinion about that exact legal issue. Even if there's fraud on the Court? That was the argument made. The Court knew that the allegation was she didn't take it. If she didn't take it and she said she took it, she lied. That was the same argument in the second motion to dismiss. It was the same argument in the fourth motion to dismiss. It was brought with new evidence, and the new evidence that the Court actually concocted or made it a brand-new standard with no citations. It was the not-available exception is what they called it. And that is the only reasoning for this Court not applying. Issue preclusion is found in ER 812. It says, as the evidence presented in support of the motion includes evidence not available at the time of the second motion to dismiss was filed, to wit the Microsoft subpoena responses, and as the Court considered all evidence in light of such new information, the Court concludes the doctrine of issue preclusion does not apply. There's no citation. There's no new evidence exception. Even if you're right about issue preclusion in law of the case, doesn't the Court always have the power to modify a judgment under Rule 60B or brought on the Court among other reasons? No such motion was brought. We were not aware of any such brevity. I have not researched that issue. I suppose it could, but I think there would be notice in a hearing saying that it was going to reach a different legal conclusion. So, unfortunately, this not-available exception isn't even applicable. It was never requested. The information that he's saying is the information he never requested. And whether the Microsoft would have produced the same response is not known. He didn't ask for it. They might have had her account information. Yes? Let me give you a little bit different way to think about this. The doctrines of issue and claim preclusion are, I think you're right, they are, in a generic sense, sacred because we don't want to go back and rethink things that typically other judges had done. Because other judges had matters in front of them. They observed witnesses. They heard arguments. They read the briefs. They gave it some thought. Should the same doctrine apply the same way when it's the same judge looking at what you're going to tell me is the same issue? Or can a judge, in the same case, look at something a little bit differently and say, you know, based on what look like allegations of just falsehoods and a fraud on the court, I have the ability, notwithstanding my prior ruling, to simply fix my prior ruling? Isn't that a little different scenario than we usually use in connection with issue preclusion or claim preclusion? Yes, Your Honor, I think that is found under the element for issue preclusion, that the party against whom the doctrine has been invoked had a full opportunity to litigate the matter. So, as long as it's a full opportunity, we do move on. Well, the argument would be you don't have a full opportunity to win when the other side is not telling the truth. Everybody, if I said that the light was red when I went through it, and we later found a video from some person five years later that showed it was not red, wasn't I lying and shouldn't we just look at everything anew? Everybody could say this. And particularly, this is, I apologize. No, that's okay. But isn't that the same? Yeah, that case ended five years ago. I'm going to assume in your hypothetical that case ended. This case did not end. It's the same case, right? And new evidence comes to light. My question for you is I thought that there was an additional requirement in California law that the application of preclusion be consistent with public policy. This was purely an issue of federal law. This was a Section 109 ruling by the bank. So federal law does not worry about public policy? It does. And one of the public policies is that there be an end to litigation. Right. That's one of them. Is that the sole one? It's not. But saying that later to discovery after the motion was decided, and I now would like a second chance is not going to be sufficient. Why is that not for the judge to decide? I thought the judge wore the robe and it really was the arbiter of what was in the best interest of public policy. Because there was a final judgment. That judgment was about to be weighed as well. Yeah. And I would like to reserve the balance of my time if possible. Okay. Mr. Rafferty. Good morning. May it please the Court. My name is Carl Averteema. I'm the appellee. Listening to the exchange between the Court and Mr. Telekoff, I think the Court has got a good handle on this. Let me ask you a question that I think is kind of percolating around here. Was the order with respect to the second motion to dismiss final? By the definition of the BAPS handbook, it is not. The denial of a motion to dismiss is interlocutory until this Court grants review by motion, which I did file a timely notice of review. Oh, okay. So your position is it's not final until the BAPS rules on it? Well, it's not final for the sense of, like, appellate review, as you're asking, until the BAPS says that it will take review of a denial of a motion to dismiss. Meaning it's interlocutory and we have to grant review or something else?  So it's not final. It's interlocutory. It's interlocutory. And it's subject to change. And when we're talking about that, we're not talking about Section 1291. When we're talking about finality, we're talking about, is the order sufficiently firm that it will never be changed? And in this case, clearly, the moment the judge found out that the debtor had recanted on her testimony and lied and said, can I have a Skype account, this declaration that was filed by Mr. Telekoff in the second motion to dismiss, that's on my signature that's forged. When she found that out, Judge Smith said. Well, that's kind of after the fact. I mean, the question is, was she reacting to a final order or was she reacting to something else? That's my question. I don't doubt that you made a presentation and the last time you made it she agreed with it thoroughly and she dismissed the case. The question is, did we get there the right way? Because that's really the only issue that I think David Holland is asking here. Did we get there the right way? Ultimately, I think what we're talking about, and I'd like to touch on a couple of points that you brought up. Is there an underlying policy? And that's from the In re Caeli case. Yes, there is a public policy. Should we allow judgments to be final if they're predicated upon a fraud on the court? Well, Mr. Telekoff's position is this. My client lied. We won the second motion based upon that lie, and we should be able to keep it forever. Well, that principle totally undermines. Would you suggest among other things that maybe that third motion was something in the nature of a Rule 16 or some type of motion for reconsideration? Yes, and that was something that I'd like to. Did you style it that way or did it make sense to think of it that way? No, actually what happened on April 14th is Judge Smith says, well, I'm sure Mr. Avedon can tomorrow just file a motion for reconsideration based upon new facts. That's what you think it was? And that's what I said. I said I could also bring it also for fraud, and there's a Rule 60 that's involved. But she said, no, I also denied that last motion without prejudice, so you could also just file another motion that's on the record. So this is Judge Smith saying you can do it either way. I'll tell you what I'm going to do. We're going to get to the same point here where we're going to review this issue, whether it's a Rule 60 reconsideration, whether it's a new motion because it was denied without prejudice, and if you've got new evidence, and she says, I'm not agreeing, you know, that this evidence that I'm accepting it right now, but if what you're saying is true, this bankruptcy case is over, I'm going to negate all the prior orders. So she knew what was coming. It's just a different, what you're looking at really is a different process of vehicle. Should it have been styled under a Rule 60 motion for reconsideration, or should it just have been another motion? It doesn't matter. I think we get to the ultimate end. Would you tell me that everybody had the same opportunities to make whatever arguments they would have wanted to make in connection if it was Rule 60 or something else? Yes. If you're suggesting nobody's prejudiced, then that's an answer to the question. There is no prejudice here because we're going to get to the end result. The Rule 60 is going to let us step forth and say, well, there was a second motion. It was denied. You believed in Manilad at first. The judge completely reversed her finding on Manilad and said, well, I know that Manilad exists, but I do now acknowledge the BAPS 2011 case of Gibson, which takes a strict application to Section 109H, and says I do not have the discretion, which is consistent with the United States Supreme Court that said whatever discretion a bankruptcy court has, it's confined within the bankruptcy statutes. Let me ask you this. Would it also affect her discretion if she determined not only did it not happen, but I was not told the truth about it? Would that help her discretion? Yes. And I think she comes to that at the end. She says she runs through the history of lies that were told by the opponent in this case, which affected everything. And then it comes to the end and says, bottom line is you made a serious misrepresentation to this court by filing that credit counseling certificate, which she found their representations to be, have low credibility, they were incredulous, and also inconceivable. She says there's a serious misrepresentation to the court by filing that certificate. That's something pretty strong from Judge Smith. She's a very seasoned judge. She has a lot of experience out on the BAP. To come out and say that on the record, I think it speaks volumes. Now, I'm sure Mr. Talcoff doesn't like it, but bottom line is under Rule 60, if there's new evidence that was not available, and it was not available especially because the other side concealed it and had lied about it, then you can get relief from a judgment. That's solid statutory law. I'll just give us right here from the lectern so we have it right in front of us. What is the new evidence that was concealed and that she didn't have before? That she never had a Skype account, that her story that she made up after I had filed the second motion about, oh, I did this by Skype and screen sharing, she has no Skype account. And that was discovered in connection with the third motion? Yes. Okay. It was actually discovered when Ms. Fridman recanted and said the declaration was forged, and she didn't have a Skype account. She made that statement in March of 2022. And that was after Mr. Talcoff had filed several motions to prevent her from testifying. But I didn't ask her, do you have a Skype account? I asked her to look at this declaration because it made representations as two assets that she had. That's in the OEX, right? Yes. And she just comes out and says, I don't know anything about this. That's not my signature. You know, it's extremely problematic. You know, Mr. Talcoff is not in a good position here. I don't think he's demonstrated clearly that the factual findings were wrong. He doesn't challenge the factual findings, and he says so to this court. He's not challenging the factual findings and what we have left is really nothing. You know, he can't ask this court to make new factual findings. We don't have fact findings in front of this court. This isn't another trial court. He wants it to be another trial court because he wants another bite of the apple. But if you come in and you lie, actually, I think he wants one less bite of the apple. Well, sure, ultimately he wants, you know, hey, we got away with getting an order based upon fraud, and we should be able to keep that forever. And if that was the case, we wouldn't have Rule 60. We wouldn't have Rule 59. We wouldn't have Bankruptcy Rule 24, which incorporates 60. The courts would just be powerless. We'd be like, well, we got duped, and we're impotent. We can't do anything else. I think it's highly offensive, I think, to any judge to take that position that, hey, I lied to you, and I get to get away with it. I don't see any judge. Actually, I was very surprised when Mr. Talkoff on July 14th comes out and says, well, Your Honor, your last ruling, you said even if she lied about taking it, you weren't going to do anything about it. And Judge Smith immediately responds and says, I never said not if she lied. I mean, I was shocked. I mean, to sit there and tell a judge, even if my client lied to you, so what? I mean, bankruptcy is for the honest but unfortunate debtor. We caught her lying in 2015. We caught her lying again in this bankruptcy. And her lie was based upon eligibility, which means she had no right to even step foot in that courtroom because that certificate was obtained by deceit by her son. He's not disputing the factual findings. I think it's kind of over. She didn't have any eligibility. Everything, everything we've done for the last two years has been wasted. Thank you. I don't know if you have any questions. Okay. Thank you. Thank you. Mr. Talkoff, you've got four and a half minutes. Yes, Your Honor. You don't really have to listen to me on what is supposed to be done here. The bankruptcy court said it itself. It said the court has already made a determination regarding the credit counseling issue raised by the creditor. Here, issue preclusion would prevent creditor from arguing again the debtor did not personally take the mandatory pre-bankruptcy educational course. These are the words of the bankruptcy court. And when we think about whether she lied or didn't lie, it's a factual conclusion. And it's a nuanced factual conclusion. The real question was whether she sufficiently participated in it. So the court said, well, gee, the answers were typed a little fast. I'm not sure if that counts since she speaks Russian. It must have taken a lot longer. Well, the court never asked any questions about this. Mr. Abbott, you've never raised this issue. They don't know whether these same questions were asked previously in the educational course, and that's why they were easily typed. The court raised the same facts, almost exactly the same facts. The court said it was, quote, entirely unconvincing. How do you go from entirely unconvincing, to she's a complete liar? Judges wake up on different sides of the bed sometimes, and that's okay. What we have is this little justice that depends on the first ruling. Or else we would have endless litigants. Sometimes they may be well-funded litigants, or sometimes they may be law clerks, like Mr. Abbott, who know how to use the system, who can run up a debtor's bill. And in this case, it's a no-asset Chapter 7, and this debtor works very hard to get this discharge. Your Honor did ask about the finality of a motion, an order denying a motion to dismiss. That was a litigant in that case, not a litigant, a lawyer in that case. That is the case of N. Ray Charette, 523 B.R. 660 from the BAP in 2014. And this Court found that the finality of orders denying 707 motions, these are final, because the case, the Chapter 7 case, will go on. Assets may be liquidated, may be subjected to 2004 examinations. We need to know whether this is real or not. He had the chance to appeal, and he did appeal. The idea that this wasn't final, but yet he did appeal, just doesn't make a lot of sense. As to this not available standard that the Court applied, we have no information showing whether Microsoft would have had the debtor's Skype information if it was requested in the second motion to dismiss. We don't know. Microsoft doesn't say in its subpoena response, gee, we don't have it now, but we would have had it then. This is the way our system of justice works. You go out, you do discovery, and when you're ready to present your information, you present it to the judge, and sometimes you win and sometimes you lose. In conclusion, I believe that the Bankruptcy Court's failure to apply issue preclusion in this case and claim preclusion was a clear error and an abuse of discretion. The Court had previously determined in the context of the second motion to dismiss that the debtor had taken the pre-bankruptcy counseling course. Furthermore, this decision was unsuccessfully appealed by the creditor, and thus, due to final judgment, this panel should find that the Bankruptcy Court got it right in the second motion to dismiss. And again, in the third motion to dismiss, the Court found that here issue preclusion would prevent creditor from arguing with the debtor to not personally take the mandatory pre-bankruptcy educational course. By finding that issue preclusion applies or that claim preclusion applies, this Court would reverse the ruling granting the fourth motion to dismiss. Failing to give preclusive effect to this prior determination undermines the principle of efficiency and finality that issue preclusion aims to uphold. I respectfully request that the Honorable Ninth Circuit reverse the Bankruptcy Court's decision and enforce these doctrines of issue and claim preclusion. I will end with a quote from the Sixth Circuit in the United States versus United Technologies. Issue preclusion does not disappear merely because the losing party puts on a better case the second time around. Parties are not entitled to have a question considered on the merits a second time merely because they failed to produce all the facts the first time. Thank you. Thank you very much. Thank you. The matter is submitted, and we'll be ensuring our decision promptly. Thank you. Thank you.
judges: FARIS, LAFFERTY, SPRAKER